Case number 18-6026 Daniel Norfleet v. Heather Renner, et al. Argument not to exceed 15 minutes per side. Ms. Williams, you may proceed to the appellate. Good morning, Your Honors. My name is Robin Williams and I represent Judy Ferris, who is a Judicial Commissioner for Houston County in Tennessee, and this case is regarding an appeal from the District Court's decision to deny quasi-judicial immunity. I'd like to take a moment to just request five minutes for rebuttal time. But the District Court denied the request for quasi-judicial immunity and or qualified immunity in this case, and so we seek an appeal to This case involves whether or not Ms. Ferris acted appropriately in issuing an arrest warrant. Norfleet had alleged that Ms. Ferris unlawfully issued an arrest warrant for a violation of probation, and he claims that she did not have the authority to do so. In looking at the case law, there are two instances in which individuals can overcome judicial immunity. Those are circumstances in which the action is not a judicial act or the action is taken in clear absence of all jurisdiction. In this case, it's undisputed that this was a judicial act, so the plaintiff has alleged that there was no clear absence or there was clear absence of all, excuse me, that there was complete absence of all jurisdiction. We deny that. We believe that there was not a clear absence of jurisdiction. The Tennessee law clearly grants authority for judicial commissioners to issue arrest warrants, but the plaintiff relies on a specific statute that says that trial judges can issue arrest warrants for the revocation of probation, and we contend that that statute is not clear and it does not clearly divest. Is it not clear? This is maybe a factual point that I'm just not familiar with Tennessee practice. Do judicial commissioners issue these types of warrants commonly, or was this more of a one-off instance in which a commissioner had issued this type of warrant? You're asking whether they issued... I'm just curious if you know factually, because some of our cases have looked to the common practices of the state. I think it's the Ireland case I'm thinking of, and I was just curious if you know whether this was a common practice in the state of Tennessee for these types of commissioners to issue revocation warrants, or whether this was just like the single instance in which a commissioner had issued this type of warrant. Honestly, Your Honor, I'm not sure. This is the first time that I've had a case that's come up with this particular issue, and I'm not sure if it's something that's more common or not. However, in the statute in Tennessee, while it does talk in terms of the trial judge, it doesn't specifically divest authority from the judicial magistrate. So when... So in our cases are also... It was difficult for me to comprehend the difference between clear absence of jurisdiction and in excess of jurisdiction. What would you say, if you could encapsulate what you think the distinction is, what is required for clear absence of jurisdiction? Well, when you go back to, as far as Bradley v. Fisher from 1873 on, in the Stump case, in the Morales case, when you're looking at a lot of those cases, what they seem to encapsulate is this idea of, if there's any subject matter jurisdiction at all available to the magistrate or judicial officer, then you have to say that they are entitled to qualified immunity. In this... I'm sorry, in quasi-judicial immunity, they tend to look at whether or not, if you... For instance, in one of the cases, the judge had issued, in Stump, issued a tubal ligation petition, or signed a judicial petition for tubal ligation. And in that case, the court looked at the issue and said, well, the court clearly did have authority to issue, to sign petitions and to hear these petitions. So in that circumstance, you know, he had some subject matter jurisdiction, even if he exceeded that jurisdiction. In several of the cases, even, you know, three days ago, in the Middle District of Louisiana, there was a case very similar to this one, where the court looked at the same thing. And Justice of the Peace issued a criminal... an arrest warrant for criminal defamation. And the court said, well, he clearly did have some authority to issue arrest warrants. Maybe he exceeded his authority, but since he had authority to at least issue arrest warrants, that's sufficient. What would you... If I pose the hypothetical, the Tennessee Supreme Court authoritatively interprets the statutory scheme and says that judicial commissioners do not have the authority to issue these types of warrants, and suppose that that case had happened before this magistrate... Would you concede in that hypothetical that there would be the clear absence of jurisdiction, because then it would be clear? Oh, absolutely, Your Honor, because... So it's really just the ambiguity in the statutory scheme that you think leads to the notion that it's not a clear absence of jurisdiction? Yes, Your Honor. I think that's specific... Can I send a slightly different way of thinking about it? And you can just tell me how Tennessee law works, but let's not think of it in terms of warrants. Let's not think of it in terms of arrest warrants. Let's think of it in terms of criminal sentencing and probation. And wouldn't I be right in thinking that the way it works in Tennessee is with felonies, and this was a underlying felony conviction, that all sentencing is done by the, quote, trial judges, that commissioners have no authority over that. You could never go to a commissioner to add some extra part of a sentence, and all that's going on in this case is the undoing of sentences, or what happens if you're out of jail, so you're in probation. And if you think about it that way, isn't that a world where only trial judges are allowed to operate and everyone would understand that in Tennessee? Perhaps that's the way that it's intended to work. Perhaps the statute intends for only trial judges to take actions with regard to the revocations, but issuing an arrest warrant is something that falls within the jurisdiction of the magistrates. There's several Tennessee statutes that are very clear about that. What's puzzling is, you know, arrest warrants go to violating laws. Probation's a contract, and in terms of the contract, quite often don't require a violation of law. In fact, it's quite puzzling the way this has been briefed on the second part, the qualified immunity. No one's pointing out that it doesn't have to be a probable cause of separately violating some law. It can be violating the terms of probation. It's a very light standard. And so I find myself just thinking, we don't want to think of it in terms of warrants, because that's just not what this is about. This is when you're on probation, you're getting this great benefit out of jail with a ton of strings attached, and those strings don't have to deal with whether you violated some law. And so that's what's so funny to think anybody, a court of appeals judge, a Supreme Court justice, a magistrate, would have any authority over this other than the person who did the sentencing, had incredible discretion over it, and incredible discretion over when the person leaves jail in return for probation. So that's what has me, I mean, I'm being honest with you, that's what seems to hurt your position. I understand that, Your Honor. However, because the statutes in Tennessee do give such clear authority to grant, for them to issue arrest warrants, and even for the violation of probation, it's an arrest warrant that gets issued. So if they have the authority and there's some ambiguity in the law, according to the standards set out in Mills v. Killebrew... Is this a felony? Pardon me? Is it a felony to violate probation? To violate probation? No, Your Honor. So why is this a felony arrest warrant? That's the authority you're using, the generic authority commissioners have to issue... Am I getting this wrong? I thought you were relying on this provision that said they could do felony arrest warrants. There are several statutes in Tennessee that allow them to issue arrest warrants, not just... You're correct, there is one that specifically talks about felony arrest warrants. What's the one that helps with something that's not a violation of law? There's a very general one, which is cited in our reply brief, 40-6-201, 40-6-202. What's the good language for you? They just very broadly say that 201 is the definition of an arrest warrant, and it specifically talks in terms of the definition of an arrest warrant is signed by a magistrate. The 202 is also very broad, and it just simply states that... The first one doesn't help us. What does the second one say? The second one just states very generally also that judicial magistrates have the authority to sign arrest warrants within their jurisdiction. Well, it says for the apprehension of persons charged with public offenses. Wouldn't you interpret public offenses, would you interpret that to still include... I would think most naturally that would mean a felony or a misdemeanor. It might expand the range to misdemeanors, but I would still think that would have to be a criminal violation of some type. For the apprehension of persons charged with public offenses, magistrates are authorized within their jurisdiction to issue warrants of arrest. And a probation violation could be you're supposed to show up at your AA meeting, or you're supposed to meet with your contact, and that's not a violation, that's not a criminal offense? Well, that wasn't the case in this case, Your Honor. I mean, it was a case that he was potentially harmful to himself or others, was the allegation in the... But I guess what... Maybe I'm just... Help me out, because you're the expert, but that would have been a very different story if it was an arrest warrant for beating somebody up, an arrest warrant for threatening somebody, or if there's some criminal law that prohibits them being a danger to themselves. That would be a different arrest warrant, but that's not what this was. This was probation. I do understand the point, but under the statute... I'm sorry, I see that I'm out of time. Please, go ahead, sir. Under the statute, even the one that talks about search warrants and felony arrest warrants, it still says that their authority is not limited to felony arrest warrants. So, generally, they can issue an arrest warrant, and I think that... Because it doesn't say nothing more? The statute doesn't. It says that they have certain duties, and they're not limited to those duties. And so, when they're setting out the duty for search warrant and felony arrest warrant, I mean, they're talking about... I mean, when you look at that statute, some of the provisions say that if you have a smaller county, you know, you're allowed to do certain things. When you read the statute in its totality, it's very clear that they're talking about also issuing arrest warrants, but they've just specified some of the more severe things, like a search warrant or a felony arrest warrant. But I think that still gives the judicial commissioners the ability to issue a general arrest warrant. Here, even though there was not a new violation being raised at that point, I think that the statutory scheme allows for the judicial commissioners to still issue the arrest warrant. If they don't have that authority, and perhaps that's the intent of the revocation of probation statute, but it's not clear, and it doesn't expressly divest that authority from the judicial commissioners. So they have no way of really knowing if they have the authority or not. And under this situation, we're... But, you know, I would have said the same thing about all the features of sentencing and how that whole regime works. There's nothing that says they can't do this. But I guess I just would have thought that was a pretty obvious norm. Sentencing is what general jurisdiction trial judges do. It's not what court of appeals judges do. It's not what magistrates do. It's not what commissioners do. That's all this is. This is how long are you going to be in jail, and what are the terms for getting out. And it's a very special... It's a contract. That's the way to think about it. It's a contract. Except sentencing is something that is more exclusive to the judges. And very obviously, the arrest warrant is within a realm, and it's part of the subject matter of what judicial magistrates do in Tennessee. Thank you. Holden Baker for Mr. Norfleet. And if I can go back to what Judge Sutton asked. What a magistrate does in Tennessee at this level, a county magistrate, their actual function is to determine probable cause. A officer will bring him a warrant. Officers are required in Tennessee to file all felony warrants and bring them to a magistrate. And that magistrate will then determine whether probable cause exists within the four corners of the affidavit. And if they find that, then they issue the warrant. And that's their function. And additionally, I believe under the 111 statute that we cited in our brief, they also issue search warrants after determination of probable cause within the four corners and some other functions, such as setting bail or appointing counsel if the person is indigent. But beyond that, and to follow up on your question with Judge Murphy, whether that's routine, that's generally what I practice as criminal defense in Tennessee, I have never, ever seen a magistrate issue a warrant. And the case law is none, as cited by the federal court. Never seen a magistrate issue a warrant for probation. Or a probation violation. I've never, ever. Why, I mean, as a judge, you won't be surprised to hear I have some inclination towards judicial immunity as not a bad doctrine. What about this, this is where it starts to look murky. The probation violation does separately or potentially separately violate a criminal law. And so now someone goes to the magistrate, and yeah, they're not sure about how all this works. And they say, here, this happens to be a probation violation. See this part of the probation deal. But by the way, it also seems to violate this other criminal law. So in that case, you could issue it, right? Because it would separately violate, it would simply be a criminal offense. No. You couldn't have an arrest warrant? Really? Well, that's, well. Why not? Actually, in that scenario, no. What would happen, and this happens quite frequently. For example, if you're out on release, either community corrections or probation, and the judge says, well, I'm not going to lock you up. I'm going to put you in this alternative sentence, conditioned on the 14 standard conditions of probation. And number one is I will not violate the law. Well, if you go out and catch, let's say I get caught drunk driving, well, that warrant arrested. Well, they take the basis of that warrant to then file a violation warrant on you. You end up with two warrants in that scenario. And who issues the probation violation warrant? The trial judge that sentenced the party. Because here's the reality, is if you're on probation, the only person that can violate you or revoke you is the sentencing judge under Tennessee law. The statute is absolutely clear on that. Which statute are you relying on there? That is going to be 4035311 subsection A. What would have happened if you had two trial judges in this state court, and Smith is the trial judge and Judge Smith is the one who does it, but Judge Rodriguez issues a probation arrest warrant? Would that be a clear violation? No. How Tennessee handles that is, for example . . . I thought you just said only the sentencing judge could do it. The sentencing judge from that court. For example, anybody on that level, if you're in the 23rd Judicial District, and that's where your sentence comes from, any sentencing judge in the 23rd District circuit level of court . . . It doesn't have to be that judge. It doesn't have to be that judge, but it has to be a judge from that court at a trial level. For example, if you have a circuit court judge gives you a three-year suspended sentence, and you have five circuit judges on that circuit, any of the five can issue the warrant. And that's sort of provided in 311B. Correct. Correct. So I usually . . . I tend to think that if it's ambiguous, then there's a fair argument that it's not in clear absence of jurisdiction. And you said that 40-35 . . . 40-35-311A was unambiguous in granting exclusive jurisdiction to trial judges to issue these types of warrants. But usually when I think of exclusive jurisdiction, I think that you would use the word exclusive or only. I'm thinking of the federal criminal laws. District courts have original exclusive jurisdiction, which makes it perfectly clear that usually you see that type of language, and that type of language is absent from here. The best I can see from it is under the trial judge's hand. So if I think that that provision is ambiguous, would you concede that it was not in clear absence of jurisdiction? Your position has to be that it's unambiguous, this provision, that it only allows for . . . You may have to ask me that question again. Would I concede that the statute's unambiguous? If I think that the statute is ambiguous, the statutory scheme, would you concede that the commissioner has not acted in clear absence of jurisdiction? Well, are you talking about the under trial court hand statute or the one that defines the magistrate? I'm just trying to figure out the entire statutory scheme. So when I look at this entire statutory scheme, it strikes me as somewhat complicated, and I can see room for thinking that there might be ambiguity under whether the judicial commissioner could actually do this. The list of commissioner duties, it has a list, but then it says, but not limited to, which suggests there could be other duties. Then you have this provision, and it doesn't have any type of exclusive jurisdiction or only trial judges type language that I would assume would make it perfectly clear that only trial judges could issue these types of revocation warrants. When I put all that together, I think there's potential room for ambiguity about whether judicial commissioners could do this. Well, practicing that area, to me, no, it's not ambiguous because there's a statutory scheme on what magistrates do. And if you look at the and others under 611, there's some additional statutes. For example, a magistrate could, in a domestic violence situation, he could order a no contact order, a stay away order from the house, and in odd circumstances can actually do a temporary custody order and grant child support by statute. So there's some odd things in certain criminal circumstances. Let me echo Judge Murphy's question to show why I think it's still pretty complicated. I'm going to guess it's not spelled out that the commissioners have no authority over restitution or bail. I'm going to guess that when you refer to the trial judge's authority over bail and restitution, it doesn't say, and nobody else, but I think we probably all agree. A commissioner that did a felony arrest warrant and then said, boy, in light of what you've done, I'm adding $50,000 to the restitution, people would be a little surprised by that, and that would fall on the clear side. So this is why the case is hard. You have two things, what you can do, what two different people can do. They don't completely answer it, but then we have these assumptions about what criminal trial judges do. I'm just saying it's hard. If I may. But hard not making it ambiguous, hard to figure out whether it's ambiguous, to be clear. Let me give a different context. If you're a circuit court judge and you have a case, you're responsible for. . . You mean circuit court judge in terms of trial-level judge. Trial-level judge, which is what we call circuit court-level judge. And that judge does your arraignment, your pretrial motions, and so forth. Here's the jury trial, here's the motion for new trial, and so forth. He has jurisdiction, if you're convicted and sentenced over that case, essentially in perpetuity. Anything lower level, general sessions, had it went there for a preliminary hearing, or the magistrate, which is a level under that, which just does the initial clearing for the arrest, the probable cause determination, that case can never go back down to those levels once that case is resolved. And that's why this statute is so specific, because once you're sentenced, the only person that can. . . For example, if you file a modification of sentence, which is allowed under Tennessee law, that has to go back to the trial judge, which is the trial court level that you come from. If you want to modify that sentence, or you think you've got an illegal sentence that goes there, or a motion for new trial, or even post-conviction relief, it's all best in that court, because that court is the only court and judge that can change your sentence, modify your sentence, or revoke your probation. And that's why they have to issue those warrants, and that's the only party that could. So what provision says that the trial judge is the only one who can revoke probation? It's in Title 40 and subsection 35, and I couldn't tell you the actual statute number off the top of my head, but it's in the Sentencing Reform Act. Because the problem with 311 is it says that the trial judge shall have the power to cause to be issued, under the trial judge's hand, a warrant for the arrest in this probation violation situation. But it doesn't say, as we've pointed out, only the trial judge can do that. And the arrest is really the first step, then, to the hearing that there would be on the probation violation. So you've been using the word magistrate, but I think is the statute in 111 talking about judicial commissioners? That's who we have here. So then we have the question, is that provision in 111? And I'm looking at D2, the duties of a commissioner shall include, but are not limited to, the following issuance of arrest warrants upon a finding of probable cause. So assuming that there was a finding of probable cause here, there's no limitation on the duty of the commissioner. The commissioner issues this arrest warrant here. There's no only in 311. There's no limitation in 111. So why isn't this at least ambiguous as to whether the judicial commissioner has power to do this? And judicial immunity, therefore, is appropriate. Well, to me, the way the state appellate courts look at it, when they are determining statutory construction, I hate to go there, it's so boring, but when you have a generalized statute that gives you parameters, but you have a very specific statute, in this case the one that addresses the trial court's hand of issuing these VOP warrants, those are always the controlling statutes. And the generalized statute, in this case the 111 statute, has to then be interpreted to comport with that very specialized statute. So to me it's not really ambiguous because you have a very specific statute controlling the exact issue we're talking about. Could it at least be ambiguous until you have a Tennessee state court writing that that is the way to interpret these two provisions? You know, to me, no. I think it would give this court more clarity. You think it's so obvious that any judicial commissioner should have understood that she didn't have the power to do this. Correct. Query why, so you cite the attorney general opinion, but the reason you ask the question is because you find it ambiguous. So these were general session judges, it says, from Seaverville, Tennessee. They asked the question, after this change in law, are magistrates now allowed to issue revocation warrants? They obviously got the attorney general's conclusion that they're not under your reading of the statutory scheme. But it seems to me that the very fact that they're asking this question is some insight into whether it's ambiguous. Well, and I want to go back, too, to understand how Tennessee does it, particularly in our area, rural Tennessee. Magistrates are not lawyers, one. They're not even required to have any formal training in law enforcement. To become a magistrate in my district, you have to be a friend of somebody, and you are appointed magistrate, and then at some point within 12 months, you go to a little judicial training class for eight hours, and you're a magistrate in Tennessee. So I can see where that request from a county official would come up, hey, we need some guidance on that. So I can understand that, which differs from lawyers and judges who deal with the system day in, day out, where to us the question or the answer may be obvious. To the layperson level at that level, which is the very lowest level of county government, the question may not be or the answer may not be obvious. Are they allowed to issue arrest warrants? Who's that? The people you were just talking about that I call judicial commissioners and you keep calling magistrates. They can issue the initial charging document upon a finding of probable cause. And they're the one making the finding of probable cause. Right, they're the ones who do the screening. So these people who you have described as having rudimentary educations can run around issuing arrest warrants as long as they think they have probable cause. Absolutely. And I don't know if we include it in our brief, because I asked the magistrate in a deposition, well, could you have issued a warrant from a county on the other side? Yes. Well, what about Kentucky? Well, yes. Well, why not a federal warrant? Maybe. How about a warrant from China? Well, that I don't think I can issue. She didn't know one way or another what she could or couldn't issue. I don't know which way that cuts. I mean, it seems to me if that's the kind of person we're dealing with, we might want a little more clarity. Right. It seems funny. So if there's no further questions, I'll yield my time back. Thank you. Your Honors, I don't know that I have much more to add other than because of the ambiguity, because of the standard in Mills v. Killebrew that this court has set out, there has to be some clear indication that authority has been divested. I'm referring . . . Judge Moore is asking this question. What do the statutes say about probation? Do they say this is something only charges have authority over, or is it more in the nature of everything else? This is one of the things they can do. Well, I mean, I've not heard of . . . I've not seen any . . . Is there a provision about probation in trial judge authority? Let me start there. I don't believe . . . Well, yes, there are in Tennessee, actually. There is some statutes that actually dictates when they're considering probation, the things that they consider indigency, what they consider with indigency. So there are some statutes. I'm not as familiar with those as I would like to be to answer your question, but there are some statutes that discuss the specifics of what the trial judges are to consider. Are there any statutes out there when it comes to these different judges throughout the chain that use exclusivity-type language? I don't know that there are, Your Honor. How about only language? Do you know of anything out there that you can contrast this to? Because, you know, on the idea the legislature knew how to spell out exactly what you could and couldn't do, but didn't do it here. I wish I had an answer for you on that. I'm not sure if there are specific statutes that give them exclusive authority. There is actually a statute that gives the circuit court exclusive jurisdiction of, like, GTLA claims and things like that over chancery court. But other than that one off the top of my head, I'm not familiar with any others. But there could be. So there's this Tennessee Attorney General opinion of 2004. Is there any later Attorney General opinion, or is there any history of how it's been interpreted or applied or anything else? To my knowledge, there's been no other Attorney General opinions, and I've seen no case law that's interpreted the statutes, and whether or not judicial commissioners or magistrates. They're used interchangeably in Tennessee, and there's a statute that discusses the fact that they're interchangeable. But I haven't seen anything that clarifies this point. And so far as you know, there is no case that involves a judicial commissioner or magistrate actually issuing a probation violation arrest warrant? No, Your Honor. Can I ask a quick question, just switching topics, to the second question, qualified immunity? I'm curious if you have any cases that suggest you can have this backup argument because both parties concede that this was a judicial act. And the way I interpret the Supreme Court precedent on immunities in 1983 is it's a functional analysis. It depends on what type of act you're performing. So since both parties agree this is a judicial act, I would think your only option is absolute immunity. I've never seen the court say you can have a backup argument of qualified immunity once we find it's judicial, but then nevertheless you still get the recent qualified immunity test. So I'm curious if you know of any case or what your reaction is to the notion that qualified immunity might not even make sense here because both sides agree that it was a judicial act. I was not aware. I was kind of curious about that myself and did not find any cases that addressed that point specifically because traditionally that's an argument that's made on behalf of county actors and the Judicial Commission. Executive branch is usually what qualified immunity is reserved for. Exactly. So we've made that argument and don't know if it actually would apply but think it's appropriate to make the argument and address whether or not. In a circumstance like this when Ms. Ferris acknowledges that she didn't know whether she had the authority to issue this warrant or not, and it is unclear and she's acting in good faith, I mean under the prior law under the quasi-judicial immunity cases they talk about even willful or malicious acts on the part of judges are excused and entitled to quasi-judicial immunity still. So I agree. I think that's the stronger argument in a case like this, but I think it's. . . Why are you conceding it's a judicial act on the assumption there's no. . . I'm just trying to figure out exactly how this works. It seems like I could see it either way. Well, I mean I think it's really clear under the case law that the issuance of an arrest warrant is a judicial act. I don't really think there's an argument that it's not a judicial act. I think it appropriately falls under that. The prosecutors, I guess, they're the ones just requesting it. They don't have really authority. Yeah. And is there any situation where prosecutors or probation officers issue warrants in connection with probation violations? Not to my knowledge, Your Honor. Is there any situation. . . So the law in Tennessee allows these non-lawyer commissioners to issue arrest warrants outside the probation violation situation? Yes, Your Honor. And so they regularly do this? Yes, Your Honor. Including arrest warrants for felonies? And then the person arrested has to appear in front of an actual judge? Yes, Your Honor. Once they're arrested, they have a certain amount of constitutional time to meet with the judge or have a hearing. That's the amount of time. Thank you. If there are no other questions, thank you. Thank you both for your argument. The case will be submitted. Thank you. And would the clerk call the next case, please?